Booth, Judge,
delivered the opinion of the court:
The plaintiffs herein are partners doing business under the firm name of Franklin D’Olier & Co. The present firm is the successor of a firm of similar name. Upon the dissolution of the old firm the present partnership was organized composed of all the members of the preceding partnership and three additional ones. The plaintiffs took over all the assets of the old firm and assumed all its liabilities, including payment of Federal taxes. The only change involved was the admission of three new members to the firm. This change occurred May 1, 1917. The contested issue herein focuses upon the following state of facts: The new partnership, on May 19, 1917, 18 days after its formation, withdrew from the business $40,000 and again on June 14, 1917, withdrew $50,000. The accrued net income, free from a *900 charge of accrued Federal taxes, on May 19, 1917, was $29,039.55. On June 14, 1917, it was $26,972.72. The partnership, with the approval of the commissioner, kept its books of accounts on an accrual basis. Section 13 (d) of the revenue act of 1916 (39 Stat. 771). The commissioner in auditing the tax return of the partnership for 1916 for the purpose of computing the invested capital of the firm reduced the accrued net income applicable to the payment of the forty and fifty thousand dollar dividends declared by the amount of Federal taxes accrued to the dates when the same were paid, resulting in the assessment of an additional excess-profits tax after the adjustment of an overassessment of $1,036.71. No jurisdictional question is raised.
This suit is for the recovery of the additional excess-profits tax paid under protest. As a matter of mathematical computation, the plaintiffs insist that within the limits of the revenue law they were entitled to a reduction of invested capital to the extent of a simple subtraction of the accrued net profits, viz, $20,532.90, on May, 19, 1917, from the $40,-000 dividend distributed that day, i. e., $19,467.10, whereas the Government .insists that from the net income thus accrued there must be taken 7£f of the amount of excess-profits tax accrued on the date of the withdrawal, thereby reducing by the transaction the invested capital of the firm to the extent only of $12,041.69. Applying the same formula, viz, a proportionate reduction of the net income applicable to the payment of the $50,000 dividend, i. e., 6-J-& part of accrued excess-profits taxes, to the June 14, 1917, transaction, the commissioner determined that invested capital of the firm was reduced to the extent of $12,600.96 only. See Finding XII.
The plaintiffs’ contention is precisely stated in the brief: “ Whether the commissioner could legally reduce plaintiffs’ invested capital for 1917 by deducting, as of the dates of the withdrawals, a sum estimated to be that part of the excess-profits tax for that year which had accrued at those dates, respectively, although such tax was not assessed and did not become due and payable until a year after the withdrawals.”
*901 We think the contention has been decided by the Supreme Court in the cases of United States v. P. Chauncey Anderson et al. and United States v. Yale da Towne Manufacturing Co., 269 U. S. 422. The principle involved in the disposition of the above cases is applicable here; and it would serve no useful purpose to repeat the arguments advanced. The petition must be dismissed. It is so ordered.
Geaham, Judge; Hay, Judge; HowNey, Judge; and Camp-, bell, Ghief Justice, concur.